*Ronnquist v. Pallito*, No. 36-1-14 Wncv (Teachout, J., June 24, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 36-1-14 Wncv** |

**Brian Ronnquist**
    **Plaintiff**

    **v.**

**Andrew Pallito, Commissioner,**
**Vermont Department of Corrections**
    **Defendant**

### DECISION
### The DOC's Motion for Summary Judgment

Plaintiff Brian Ronnquist is an inmate in the custody of the Vermont Department of Corrections (DOC), currently housed in an out of state facility. Mr. Ronnquist alleges that he is an insulin-dependent diabetic and is on the facility's special meal plan for diabetics. In a series of grievances (or informal complaints), he has asserted dissatisfaction with (1) substitutions that vary the food served from what is stated on the menu, (2) substitutions or planned items that he feels have too much sugar or otherwise are inappropriate for him, and (3) occasional delays of 20 minutes or so in being served his food. In the complaint, he characterizes his claims as falling under Rule 75 and the Eighth Amendment. The State has filed a motion for summary judgment arguing that decisions about meals are discretionary with the DOC and are not reviewable pursuant to Rule 75 and, in any event, Mr. Ronnquist is receiving appropriate food. The State did not expressly address the Eighth Amendment. Mr. Ronnquist filed no formal objection to summary judgment.

While prison officials generally have discretion over the diets of prisoners, prisoners retain the right to a diet that is adequate.

> [T]hough his rights may be diminished by the needs and exigencies of the institutional environment, the prisoner is not wholly stripped of the protections guaranteed by the Constitution. One constitutional protection retained by the prisoner is the right to an adequate diet. Because control of the administrative details of a prison remains exclusively in the hands of prison officials, control of the diet is within their discretion, assuming it is adequate.

*Burgin v. Nix*, 899 F.2d 733, 734 (1990) (citations omitted).

Mr. Ronnquist has filed numerous complaints about specific items that have been served to him, which he thinks are inappropriate for diabetics or otherwise not good for him. He also has complained on occasion that his food was served to him late. The record contains no meaningful allegation or evidence that his diet, on the whole, has been inadequate. The DOC, on

the other hand, has supported its allegations regarding the adequacy of Mr. Ronnquist's diet—as well as the substitutions about which he complains specifically—with the affidavit of a registered dietician employed by the company responsible for the food service at Mr. Ronnquist's facility. She explains:

> Food substitutions can and do occur in prison canteens, most often because of supply issues. As long as the kitchen provides an appropriate substitute, inmates' nutritional needs are still being met. In each instance Mr. Ronnquist complained, the food he received was a nutritionally-appropriate substitution for the item listed on the menu. Also, with respect to his complaints about delayed meals, any delay was minimal and would not impact his health; even a missed meal every now and then does not pose a serious risk.

Affidavit of Laurie LeClair, R.D. ¶ 5 (filed April 28, 2015). Mr. Ronnquist has not attempted to rebut this testimony with competing expert testimony or other substantial evidence. He thus has not shown a triable issue with regard to the adequacy of his diet.

The record thus shows that the DOC is operating within its discretion. Whether Mr. Ronnquist's claim is for relief in the nature of mandamus under Rule 75 or for relief under 42 V.S.A. § 1983 for a violation of the Eighth Amendment, the result is the same. Mr. Ronnquist has no right to relief from the DOC's discretionary decisions about his diet.

## ORDER

For the foregoing reasons, the DOC's motion for summary judgment is GRANTED.

Dated at Montpelier, Vermont this _____ day of June 2015.

_____
Mary Miles Teachout,
Superior Judge

2